UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| STEVEN MARTIN, | ) |  |
|---|---|---|
|  | ) |  |
| Plaintiff, | ) |  |
|  | ) | CAUSE NO. 3:16-CV-593 JM |
| v. | ) |  |
|  | ) |  |
| JILL CHADWELL, *et al.*, | ) |  |
|  | ) |  |
| Defendants. | ) |  |

## OPINION AND ORDER

Steven Martin, a *pro se* prisoner, filed a complaint under 42 U.S.C. § 1983. (DE # 1.) Pursuant to 28 U.S.C. § 1915A, the court must review a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. Courts apply the same standard under Section 1915A as when deciding a motion under Federal Rule of Civil Procedure 12(b)(6). *Lagerstrom v. Kingston*, 463 F.3d 621, 624 (7th Cir. 2006). To survive a motion to dismiss under Rule 12(b)(6), a complaint must state a claim for relief that is plausible on its face. *Bissessur v. Indiana Univ. Bd. of Trs.*, 581 F.3d 599, 602-03 (7th Cir. 2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 603. Furthermore, "[a] document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). To state claim under 42 U.S.C. §

1983, a plaintiff must allege: "(1) that defendants deprived him of a federal constitutional right; and (2) that the defendants acted under color of state law." *Savory v. Lyons*, 469 F.3d 667, 670 (7th Cir. 2006).

Martin is an inmate at the St. Joseph County Jail and complains that on August 15, 2016, he found a bug in his food. Martin showed officers the bug and he was provided with a new food tray. Following this incident, Martin filed numerous grievances. Unsatisfied with the result of the jail's grievance system, he filed this suit complaining that neither Kitchen Director Jill Chadwell nor Sgt. Melinda Fisher showed any genuine concern about the incident or apologized for it. He claims that he is now reluctant to eat the food provided because the defendants have not reassured him that this will not happen again in the future. He has sued both Jill Chadwell and Melinda Fisher for money damages based upon "emotional and psychological distress" as well as "mental anguish."

The defendants' unconcern over the situation is unfortunate, as is the fact that there was a bug in Martin's food. However, neither event violated Martin's constitutional rights. This is because, typically, words alone (or, presumably, the lack thereof) do not trigger constitutional protections. *See DeWalt v. Carter*, 224 F.3d 607, 612 (7th Cir. 2000) ("[S]imple verbal harassment does not constitute cruel and unusual punishment, deprive a prisoner of a protected liberty interest or deny a prisoner equal protection of the laws."). Moreover, Martin alleges that seeing a bug in his food has caused him to suffer emotional distress. He does not allege that he has directly suffered

any physical injury as a result of these events or comments. Without actual injury caused by the defendants' actions or omissions, Martin can not plausibly state a claim in federal court. *See Walker v. Peters*, 233 F.3d 494, 502 (7th Cir. 2000).

> No Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury.

42 U.S.C. § 1997e(e).

As explained, this complaint does not state a claim. Though it does not appear that Martin could state a claim even if he filed an amended complaint, he will nevertheless be permitted to do so. *See Luevano v. Wal-Mart*, 722 F.3d 1014 (7th Cir. 2013).

For the these reasons, the court:

(1) **DIRECTS** the clerk to place this cause number on a blank Prisoner Complaint 42 U.S.C. § 1983 form and sent it to Steven Martin;

(2) **GRANTS** Steven Martin to and including December 5, 2016, to file an amended complaint; and

(3) **CAUTIONS** him that if he does not respond by the deadline, this case will be dismissed pursuant to 28 U.S.C. § 1915A because the current complaint does not state a claim for which relief can be granted.

**SO ORDERED.**

Date: November 1, 2016

s/James T. Moody
JUDGE JAMES T. MOODY
UNITED STATES DISTRICT COURT